# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2006- WF2 assignee of Wells Fargo Bank, N.A., | ) ) ) ) ) ) | C.A. No: K11L-12-072 RBY |
| **Plaintiff,** | ) ) | |
| v. | ) ) | |
| Reginald A. Gilbert, | ) ) | |
| **Defendant.** | ) | |

*Submitted: October 16, 2014*
*Decided: November 3, 2014*

***Upon Consideration of Plaintiff's***
***Motion for Summary Judgment***
**GRANTED**

**ORDER**

Daniel T. Conway, Esquire, Atlantic Law Group, LLC, Georgetown, Delaware for Plaintiff.

Dean A. Campbell, Esquire, The Law Office of Dean A. Campbell, LLC, Georgetown, Delaware for Defendant.

Young, J.

### SUMMARY

U.S. Bank N.A. ("Plaintiff") has filed a second summary judgment motion in this case seeking to foreclose upon Reginald A. Gilbert's ("Defendant") real property. Not a full year ago, this Court denied Plaintiff's first summary judgment motion. In their present briefing, both parties have essentially presented the same arguments for and against this motion as previously put before and considered by this Court. Following Delaware's cautionary approach to summary judgment motions – specifically the dictate that where further discovery may shed light upon outstanding material issues of fact, such motions should be denied – this Court withheld from granting Plaintiff's motion, suggesting additional discovery should be conducted. It appears from the record that, although the parties have engaged in some exchange of materials following the Court's previous ruling, it has been of minimal to no help with regard to the outstanding questions in this matter. However, the Court considers this to be more a reflection of the fact that such documents may simply not exist, rather than a failing of either side to conduct discovery adequately.

Upon reconsideration and review of the evidentiary record in its current state, the Court reevaluates its prior ruling, finding that Plaintiff has indeed met its burden on summary judgment. The facts of the case are rather straightforward. Defendant entered into a mortgage agreement with Wells Fargo Bank, N.A. ("Wells Fargo"). During the life of this agreement, Wells Fargo transferred its interest to Plaintiff. Upon Defendant's default, having failed to make the required payments, the loan was accelerated. The alleged material issue of fact in dispute, pertains to the irregularity that Wells Fargo continued to service the loan *after* the assignment to Plaintiff. It is

2

Defendant's contention that this puts into question whether Plaintiff is the true holder of his debt. The Court is satisfied that, not only was Wells Fargo permitted to remain as the servicer under the mortgage agreement, but further that the governing documents indicated both its role as the servicer and that of Plaintiff as the holder of Defendant's debt. Thus, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## FACTS AND PROCEDURES

Defendant executed a mortgage loan (the "Mortgage") with Wells Fargo on January 13, 2006, pertaining to real property located at 278 Evelyndale Drive, Dover, Delaware (the "Property"). By Corporate Assignment of Mortgage (the "Assignment"), dated September 2, 2011, Wells Fargo assigned its interest in the Mortgage to Plaintiff.[1] Following Defendant's failure to pay the monthly installments under the Mortgage, Wells Fargo demanded payment on September 4, 2011 ("Demand Letter"). By communication dated November 21, 2011, Atlantic Law Group, LLC, on behalf of Wells Fargo, termed the "servicer," informed Defendant that the Mortgage would be accelerated ("Acceleration Letter"). The Acceleration Letter also listed Plaintiff as the payee under the Mortgage.

On December 21, 2011, Plaintiff initiated the present action by filing its Complaint against Defendant, seeking to foreclose on the Property. On November 14, 2013, Plaintiff filed a summary judgment motion, which this Court denied on January 15, 2014. In so doing, this Court suggested that there were open factual questions that the parties needed to further explore through discovery. These open questions

---

[1] The Assignment was filed and recorded in Kent County on September 8, 2011.

concerned, among other things, Plaintiff's proper role as the holder of the Mortgage. According to Plaintiff, discovery was initiated by Defendant on January 27, 2014, upon Plaintiff's receipt of Defendant's discovery requests. Plaintiff allegedly served its responses on Defendant on March 31, 2014. As per Plaintiff, Defendant has not made any further discovery requests or followed up on his initial requests.

## STANDARD OF REVIEW

Summary judgment is granted upon showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[2] The Court views the evidence in the light most favorable to the non-moving party.[3] The moving party bears the burden of showing that no material issues of fact are present, but once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.[4]

## DISCUSSION

Plaintiff's present summary judgment motion is largely identical to the summary judgment motion filed by Plaintiff on November 14, 2013, which this Court denied on January 15, 2014. Indeed, Plaintiff's grounds for seeking judgment as a matter of law by this motion are the same: 1) Defendant filed an untimely Answer; 2) the Mortgage was properly accelerated; 3) the loan

---

[2] Super. Ct. Civ.R. 56(c).

[3] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

4

modification and mediation efforts were attempted without success; and 4) as this was a *scire facias* action, Defendant was limited to raising the affirmative defenses of satisfaction, payment and avoidance, which he did not do.

At the time of Plaintiff's November 2013 summary judgment motion, this Court found that there were unresolved issues of material fact. Hence, Plaintiff was not entitled to judgment as of a matter of law. In particular, this Court highlighted that questions remained as to whether: 1) Plaintiff was the holder of the Mortgage; 2) the affidavits submitted by Plaintiff regarding Defendant's payment history were valid; and 3) the assignment to Plaintiff by Wells Fargo was proper. This Court suggested the parties conduct further discovery, so as to satisfy these three questions of fact. In Defendant's response to Plaintiff's current summary judgment motion, a combination of the first and third questions of fact remain at issue. In defending against Plaintiff's motion, Defendant asserts that no evidence has been produced which would verify Plaintiff as the holder of the Mortgage. Specifically, Defendant questions the validity of the assignment of the Mortgage from Wells Fargo to Plaintiff, and, therefore, the position that any nexus exists between the two.

Plaintiff addresses this concern by formulating its relationship with Wells Fargo, with itself as the *holder* of the Mortgage and Wells Fargo as the *servicer*.[5] Defendant's main factual contention, with regard to both the prior and current summary judgment motions, is that the Acceleration Letter it received was not

---

[5] Wells Fargo is also listed as the "servicer" in the Acceleration Letter.

from the Plaintiff, but rather from Wells Fargo. The Acceleration Letter was further dated post the alleged assignment from Wells Fargo to Plaintiff. Arguing that Wells Fargo acted on behalf of Plaintiff in sending the Acceleration Letter, Plaintiff asserts there should no longer be any question as to its proper position as the holder of the Mortgage.[6] In addition, Plaintiff points to Section 20 of the Mortgage, which provides that the mortgagor would be informed of a change in Mortgage *servicer* and not Mortgage *holder*.[7] Therefore, as Wells Fargo remained the servicer of the Mortgage, Defendant was not due any notice of the change in ownership As the servicer, Wells Fargo was within its proper authority, pursuant to Section 22, to accelerate the Mortgage upon Defendant's failure to make payments under it.

Despite the Court's prior suggestion in its January 15, 2014 Order, that further discovery be initiated to address the outstanding material issues of fact, it appears that very little has been exchanged between the parties. The Court does note, however, that its January 2014 ruling requested Plaintiff produce the promissory note. Plaintiff has done so in the present motion. Unfortunately, it is not of much help, considering Wells Fargo and not Plaintiff is listed as the lender. Nevertheless, Plaintiff's motion is well taken.

A Court is to grant a motion for summary judgment where there are no

---

[6] Plaintiff, as part of its motion, attached as Exhibit A, two documents "Servicing Disclosure Statement" and "Loan Payment Information." According to Plaintiff, both these documents evidence Wells Fargo's role as the loan servicer.

[7] *See* Plaintiffs Motion for Summary Judgment at ¶ 9: "if there is a change of the Loan Servicer, Borrower will be given written notice of the change..."(citing Section 20 of the Mortgage) (internal quotations omitted).

genuine issues of material fact in dispute.[8] The movant has the burden of showing that no issues are in dispute. [9] While, the Court is to view the facts in a light most favorable to the non-movant;[10] and although, where a more thorough inquiry would be desirable to resolve factual issues, this Court feels such an inquiry would prove fruitless. We have been down this road before. In the 9 or so months since this Court's last decision in this case, no additional documents have emerged that would more fully address the factual issues in question.[11]

This much is clear and undisputed: Defendant entered into a mortgage agreement with Wells Fargo, subsequently failing to uphold his end of the bargain. Defendant stopped making payments as agreed to under the Mortgage, causing Plaintiff to exercise its rights, albeit through Wells Fargo, to accelerate the debt. Neither party challenges this chain of events. Instead, the argument centers on whether the assignment was proper, and whether Plaintiff is the true holder of the Mortgage. At this juncture, it is highly improbable that Plaintiff will be able to provide more than the Assignment, which clearly indicates it is the assignee of the Mortgage. Moreover, it is a document that was filed and accepted by Kent County. That Wells Fargo notified Defendant of the acceleration, rather than Plaintiff, strikes the Court as a mere technicality – especially in light of the evidence

---

[8] Super. Ct. Civ.R. 56(c).

[9] *Windom*, 903 A.2d at 280.

[10] *Id.*

[11] The Court understands Defendant to argue that what is missing, is an agreement between Plaintiff and Wells Fargo, that spells out Plaintiff's role as the holder of the mortgage and Wells Fargo as the servicer. At this time, the Court is under the impression that such a document does not exist. Irrespective of this, there is a multitude of other documents in the record that point to, by implication, this nexus between Plaintiff and Wells Fargo.

indicating Wells Fargo could continue as the servicer of the Mortgage, even after assigning the ownership interest.

A reasonable trier of fact would find that the material facts at the heart of this case are undisputed: (1) Wells Fargo and Defendant entered into a mortgage agreement, which Defendant breached by non-payment; 2) Wells Fargo assigned its interest in the Mortgage to Plaintiff; and 3) Plaintiff seeks to exercise its rights under this assigned interest.[12] These facts point to a simple conclusion: Defendant irrefutably defaulted on his Mortgage. Plaintiff now attempts to foreclose on the Property as is its right. Plaintiff's motion for summary judgment is **GRANTED**.

## CONCLUSION

Having determined that there are no genuine issues of material fact in dispute, this Court finds Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion is **GRANTED**.

**IT IS SO ORDERED**.


                                             /s/ Robert B. Young
                                                    J.


RBY/lmc
oc:   Prothonotary
cc:   Counsel
       Opinion Distribution
       File

---

[12] *See Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) ("[i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment").